UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL CASSANOVA DYSON, | Case No. 17-CV-1268 (SRN/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Michael Cassanova Dyson was found guilty after a jury trial in the United States District Court for the Northern District of West Virginia of distribution of cocaine base in or near a protected location. As a result, he received a 262-month term of imprisonment. See, United States v. Dyson, 401 Fed. App'x 791 (4th Cir. 2010) (per curiam). The conviction and sentence were affirmed on direct appeal. Id. Dyson later sought relief pursuant to 28 U.S.C. § 2255 in the district of conviction; this motion was denied. See, Dyson v. United States, No. 5:11CV17, 2013 WL 2424142 (N.D. W.Va. June 3, 2013). Two subsequent requests by Dyson to file a second or successive motion under § 2255 have been denied by the Fourth Circuit Court of Appeals. See, In re Michael Dyson, No. 16-0237 (4th Cir. denied Apr. 1, 2016); In re Michael Dyson, No. 16-0827 (4th Cir. denied June 10, 2016).

Dyson — who is incarcerated at the Federal Prison Camp in Duluth, Minnesota — has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that the sentencing court misapplied the United States Sentencing Guidelines, rendering his sentence unlawful. Dyson's habeas corpus petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of the

habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1]. Based on that review, this Court recommends dismissal of Dyson's petition for lack of jurisdiction.

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." (Citation omitted.) Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See, 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah,

---

[1] Although Dyson's petition is not brought under § 2254, the Rules Governing Section 2254 cases nevertheless apply. See, Rule 1(b).

392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive." See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present [his] claims." Abdullah, 392 F.3d at 963; accord, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Every claim presented in Dyson's habeas petition could have been raised before, whether on direct appeal or in his first motion for relief pursuant to § 2255. His claims do not, for instance, depend upon a new rule of constitutional law only recently made retroactive to cases on collateral review. Nor do his claims depend upon facts that were not known, or could not have been discovered, prior to the earlier proceedings. There is no reason why the challenge raised by Dyson in his habeas corpus petition could not have been made long ago. And the fact that Dyson can no longer bring his claims via § 2255 — both because the claims would be untimely, see, 28 U.S.C. § 2255(f), and because his motion would be deemed "second or successive" without hope of further authorization, see, 28 U.S.C. § 2255(h) — does not render § 2255 inadequate or ineffective. See, Lurie, 207 F.3d at 1077.

Because Dyson cannot present his claims through a petition for a writ of habeas corpus, see, 28 U.S.C. § 2255(e), it is hereby recommended that this matter be dismissed without prejudice for lack of jurisdiction. Finally, Dyson has requested *in forma pauperis* ("IFP") status in these proceedings. ([Docket No. 3]). Because an IFP application should be denied where a habeas corpus

petition cannot be entertained, see, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam), this Court recommends that the pending IFP application be denied..

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of petitioner Michael Cassanova Dyson, [Docket No. 3], be DENIED.

Dated: May 23, 2017

 s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.